IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Watson<br>4852 Stoneybrook Blvd.<br>Hilliard, Ohio 43026 | *<br>*<br>* | Case No. 2:17-cv-447 |
| & | * | |
| Dashawn Goodwin<br>5750 Milbank Rd., Apt. F<br>Columbus, Ohio 43229 | *<br>*<br>* | Judge<br>Magistrate Judge |
| On behalf of themselves and<br>other members of the general<br>public similarly situated, | *<br>*<br>* | |
| Plaintiffs, | * | **JURY DEMAND ENDORSED HEREON** |
| v. | * | |
| Northland Heating & Air Conditioning<br>Co., Inc. d/b/a Northland Heating &<br>Cooling, Inc.<br>5506 Redwood Road<br>Columbus, Ohio 43229 | *<br>*<br>*<br>* | |
| Defendant. | *<br>* | |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now come Thomas Watson ("Plaintiff Watson" or ("Watson") and DaShawn Goodwin ("Plaintiff Goodwin" or "Goodwin") (together hereinafter "Named Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for their Collective and Class Action Complaint against Northland Heating & Air Conditioning Co., Inc. d/b/a Northland Heating & Cooling, Inc. ("Defendant" or "Northland Heating & Cooling") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.     JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. THE PARTIES

4. Named Plaintiff Thomas Watson ("Plaintiff Watson" or "Watson"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Plaintiff Watson was employed by Defendant from approximately October, 2015 until March, 2016. Plaintiff Watson worked as a service technician to perform general labor in response to services calls for residential heating and air conditioning units.

6. Named Plaintiff DaShawn Goodwin ("Plaintiff Goodwin" or "Goodwin"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

7. Plaintiff Goodwin was employed by Defendant from approximately May, 2016 until approximately October, 2016. Plaintiff Goodwin worked as a service technician to perform general labor in response to services calls for residential heating and air conditioning units.

8. During their employment with Defendant, Named Plaintiffs were not paid for all of their compensable hours worked due to a variety of reasons, including but not limited to: pre-shift off-the-clock job duties performed on behalf of Defendant, improper meal deductions in the amount of one hour per day even though Named Plaintiffs did not receive a bona fide meal period, wage theft in the form of uncompensated travel time in between work sites and deductions of compensable hours simply because Defendant did not desire to pay them beyond the invoice times submitted, and post-shift off-the-clock job duties performed on behalf of Defendant. The foregoing conduct, as more fully explained herein, resulted in unpaid overtime wages.

9. At all times relevant herein, Named Plaintiffs were each hourly, non-exempt employees of Defendant as defined in the FLSA and the Ohio Acts.

10. Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated, and have given their written consents to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiff*, attached hereto as **Exhibit A**)

11. Northland Heating & Air Conditioning Co., Inc. d/b/a Northland Heating & Cooling, Inc. ("Defendant" or "Northland Heating & Cooling") is an Ohio for-profit corporation with its principal place of business in the Southern District of Ohio and the acts that give rise to this Complaint arose in the Southern District of Ohio.

12. Defendant is actively doing business in this judicial district and is an "employer" as that term is defined by the FLSA and the Ohio Acts.

13. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

14. During relevant times, Defendant benefitted from the work performed by Named Plaintiffs and those similarly situated.

15. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. During relevant times, Defendant has been involved in the employment decisions of Named Plaintiffs, including, but not limited to, decisions about Defendant's wage and hour policies and practices that affect Named Plaintiffs and all other similarly situated employees.

17. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. FACTUAL ALLEGATIONS

18. Plaintiff Goodwin was employed by Defendant from approximately May, 2016 until approximately October, 2016. Plaintiff Goodwin worked as a service technician to perform general labor in response to service calls for residential heating and air conditioning units. At all times, he was an hourly, non-exempt employee.

19. Plaintiff Watson was employed by Defendant from approximately October, 2015 until March, 2016. Plaintiff Watson worked as a service technician to perform general labor in response to service calls for residential heating and air conditioning units. At all times, he was an hourly, non-exempt employee.

**Facts Pertinent to Defendant's Pay Policies and Practices**

20. During the relevant time period, Defendant applied the same pay practices and policies to all hourly, nonexempt employees, including Plaintiffs.

21. During the previous three years preceding this Complaint, Named Plaintiffs were not paid for all of their compensable hours worked due to a variety of reasons, including but not limited to: pre-shift off-the-clock job duties performed on behalf of Defendant, failure to pay for travel to the first worksite, failure to pay for travel between worksites, failure to pay for travel from the last worksite, improper meal deductions even though employees did not receive an

uninterrupted meal period, and post-shift off-the-clock job duties performed on behalf of Defendant.

22. As a result, Named Plaintiffs regularly worked compensable hours in excess of the hours that Defendant records on its invoices, which resulted in unpaid overtime due to Named Plaintiffs and those similarly situated.

23. Additionally, despite Named Plaintiffs requesting to review their time sheets due to suspected inaccurate and lowered amounts reflected on their pay checks, Defendant did not permit them to review their time sheets.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

24. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt service technicians or other employees of Defendant who performed service or maintenance calls and worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the date of final disposition of this case (the "§216(b) Class" or the "§216(b) Class Members").

25. Examples of employees that may be members of the §216(b) Class include, but may not be limited to, service technicians or equivalent positions performing similar general technician duties for Defendant.

26. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative §216(b) Class Members have been denied proper overtime wages due to Defendant's

company-wide payroll policies and practices. Named Plaintiffs are representatives of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

27.	The identity of the putative §216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime and minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

28.	The net effect of Defendant's policies and practices is that Defendant willfully failed to pay overtime wages and maintain proper recordkeeping to save payroll costs. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs and §216(b) Class Members.

### B. Fed.R.Civ.P. 23 Class Action for Unpaid Overtime Wages

29.	Named Plaintiffs bring their Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act") claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former hourly, non-exempt service technicians or other employees of Defendant who performed service or maintenance calls and worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the date of final disposition of this case (the "Ohio Overtime Rule 23 Class," or the "Ohio Overtime Rule 23 Class Members").

30.	Examples of employees that may be members of the Rule 23 Class include, but may not be limited to, service technicians or equivalent positions performing similar general technician duties for Defendant.

31. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

32. Named Plaintiffs are members of the Ohio Overtime Rule 23 Class and their claims for unpaid overtime wages are typical of the claims of other members of the Ohio Overtime Rule 23 Class.

33. Named Plaintiffs will fairly and adequately represent the Ohio Overtime Rule 23 Class and the interests of all members of the Ohio Overtime Rule 23 Class.

34. Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Ohio Overtime Rule 23 Class that she undertaken to represent.

35. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Overtime Rule 23 Class.

36. Questions of law and fact are common to the Ohio Overtime Rule 23 Class.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Overtime Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Overtime Rule 23 Class as a whole.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Overtime Rule 23 Class predominate over questions affecting individual members of the Ohio Overtime Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

40. Questions of law and fact that are common to the Ohio Overtime Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Overtime Rule 23 Class for hours worked in excess of forty hours per week as a result of Named Plaintiffs' pre-shift and post-shift off-the-clock-work, travel time between job sites, and inability to have an uninterrupted meal period; (b) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Overtime Rule 23 Class for hours worked in excess of forty hours per week as a result of Defendant's managerial employees' improper deductions from Named Plaintiffs' compensable time, whether it be from improper meal deductions or time worked on behalf of Defendant beyond the amount invoiced to the customer; (c) whether Defendant kept accurate records of the amount of time the Ohio Overtime Rule 23 Class was working each day; (d) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Overtime Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Overtime Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

41. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Overtime Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Overtime Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the

Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**COUNT I**
**(FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)**

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the §216(b) Class.

44. Defendant employed the Named Plaintiffs and the §216(b) Class.

45. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

46. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiffs and/or the §216(b) Class Members.

47. Named Plaintiffs and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

48. Named Plaintiffs and the §216(b) Class Members worked in excess of 40 hours in a workweek.

49. Defendant violated the FLSA with respect to Named Plaintiffs and the §216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek because they were not paid for pre-shift off-the-clock job duties performed on behalf of Defendant, travel to the first worksite, travel between worksites, travel from the last worksite, improper meal deductions even though employees did not receive an uninterrupted meal period, and post-shift off-the-clock job duties performed on behalf of Defendant.

50. Named Plaintiffs and the §216(b) Class Members were not exempt from receiving FLSA overtime benefits.

51. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the §216(b) Class Members are entitled.

52. Defendant knowingly, willfully and jointly failed to pay Named Plaintiffs and the §216(b) Class Members the overtime wages they were due.

53. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

54. As a direct and proximate result of Defendant's conduct, Named Plaintiffs and the §216(b) Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Class Members.

### COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought under Ohio law.

57. The Named Plaintiffs and the Ohio Overtime Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

58. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40)

in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

59. While employed by Defendant, the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all such hours.

60. Defendant's company-wide policy of reducing employees' compensable hours worked to save on labor costs resulted in unpaid overtime for the Named Plaintiff and Ohio Overtime Rule 23 Class Members.

61. Defendant violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Overtime Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek because they were not paid for pre-shift off-the-clock job duties performed on behalf of Defendant, travel to the first worksite, travel between worksites, travel from the last worksite, improper meal deductions even though employees did not receive an uninterrupted meal period, and post-shift off-the-clock job duties performed on behalf of Defendant.

62. The Named Plaintiffs and the Ohio Overtime Rule 23 Class were not exempt from the wage protections of Ohio law. Indeed, during relevant times, the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members were not exempt from receiving overtime because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

63. Defendant's repeated, knowing and failure to pay overtime wages to the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members are entitled.

64. For Defendant's violations of R.C. §4111.03, the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Overtime Rule 23 Class Members.

## COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. During relevant times, Named Plaintiffs and the Rule 23 Class Members were employed by Defendant.

67. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

68. The OPPA requires that the Defendant pays Named Plaintiffs and the Ohio Overtime Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

69. During relevant times, Named Plaintiffs and the Ohio Overtime Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

70. Named Plaintiffs' and the Ohio Overtime Rule 23 Class' Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

71. Named Plaintiffs and the Ohio Overtime Rule 23 Class Members' have been harmed and continue to be harmed by Defendant's acts or omissions described herein.

72. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the §216(b) Class pray for an Order as follows:

    A.    Certifying the proposed FLSA collective action;

    B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

    C.    A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the 216(b) Class Members are entitled to prove their hours worked with reasonable estimates;

    D.    Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

F. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiffs and the Ohio Overtime Rule 23 Class Members pray for an Order as follows:

J. Certifying the proposed Ohio Overtime Rule 23 Class under the Ohio Wage Act and the OPPA;

K. Judgment against Defendant for damages for all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Overtime Rule 23 Class during the applicable statutory period under the Ohio Wage Acts;

L. A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein violate the Ohio Wage Acts, specifically O.R.C. § 4111.08 and O.R.C. §§ 4111.14(G) & (H), and federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

M. Awarding to the Class Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

N. Judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Overtime Rule 23 Class during the applicable statutory period;

O. Directing Defendant to pay reasonable attorney's fees and all costs and disbursements, reasonable allowance for fees of counsel and experts, and reimbursement of expenses connected with this action;

P. Awarding Class Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

**WHEREFORE**, as to all counts, Named Plaintiffs, the FLSA Class Members, and the Ohio Overtime Rule 23 Class Members pray for an Order as follows

Q. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

R. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

S. Such other and further relief as to this Court may deem necessary, just or proper.

Dated: May 23, 2017

Respectfully Submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Plaintiffs*

# JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)