# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Watson, et al. | * | |
| On behalf of themselves and other members of the general public similarly situated, | * * | Case No. 2:17-cv-447 |
| Plaintiffs, | * | MAGISTRATE JUDGE JOLSON |
| v. | * | |
| Northland Heating & Air Conditioning Co., Inc. d/b/a Northland Heating & Cooling, Inc. | * * | |
| Defendant. | * | |

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Named Plaintiffs Thomas Watson ("Plaintiff Watson" or "Watson") and DaShawn Goodwin ("Plaintiff Goodwin" or "Goodwin") and the opt-in Plaintiffs (together hereinafter "Plaintiffs"), by and through counsel, and file their Unopposed Motion for Approval of Settlement and Order of Dismissal with Prejudice against Defendant Northland Heating & Air Conditioning Co., Inc. d/b/a Northland Heating & Cooling, Inc. ("Defendant"), and respectfully request that the Court grant approval of the parties' settlement of the claims in this matter. Specifically, Plaintiffs request the Court to: (1) approve the proposed Settlement Agreement (attached hereto as **Exhibit A**) entered by the parties as fair, reasonable, and an adequate resolution of a bona fide dispute under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act; (2) approve attorneys' fees and costs in the amount of $27,592.00; and (3) dismiss this case with prejudice. This motion is based upon the accompanying memorandum of law, all

supporting declarations and the exhibits attached thereto, and all files, records, and proceedings herein.

**COFFMAN LEGAL, LLC**

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 949-1181
Fax: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

**BRYANT LEGAL, LLC**

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 704-0546
Fax: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Plaintiffs*

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR SETTLEMENT APPROVAL**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiffs request an order approving the parties' settlement of claims arising under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"). The proposed settlement resolves all of the Plaintiffs' claims and the asserted collective action claims. Plaintiffs respectfully request that the Court: (1) approve the terms of the parties' Agreement, which resolves Plaintiffs' claims for a total of $52,000.00, inclusive of attorneys' fees and costs; (2) approve the allocation of the settlement proceeds to Plaintiffs' counsel as attorneys' fees and costs as set forth in **Exhibit A**; and (3) dismiss

the Complaint with prejudice. As set forth below, the parties' Agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions, the Ohio Wage Act and the OPPA and meets the standards for judicial approval.

## II. RELEVANT BACKGROUND

Plaintiffs filed this action in the United States District Court for the Southern District of Ohio, Eastern Division on May 23, 2017. (ECF No. 1.) Named Plaintiffs' complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage and Standards Act ("the Ohio Wage Act") by failing to pay overtime compensation to Named Plaintiffs and those similarly situated. (*See* Doc. No. 1, PAGEID # 5-6) Specifically, Plaintiffs alleged that Northland violated the law due to a variety of reasons, including, but not limited to: pre-shift off-the-clock job duties performed on behalf of Defendant, failure to pay for travel to the first worksite, failure to pay for travel between worksites, failure to pay for travel from the last worksite to the Northland office, improper meal deductions even though employees did not receive a bona fide meal period, and post-shift off-the-clock duties, such as service calls, among other duties, performed on behalf of Northland. (*Id.*) The FLSA claims were filed as a collective action under 29 U.S.C. § 216(b). (*Id.*) The state law claims were filed as a class action under Fed. R. Civ. P. 23. (*Id.*) Northland filed its Answer on August 11, 2017. (Doc. No. 5) Northland denied Plaintiffs' allegations that it failed to properly pay them. (*Id.*)

On August 11, 2017, the parties jointly stipulated to conditional certification, so that they could send an agreed-upon notice of the lawsuit and a consent form to the similarly situated members. (*See* Doc. No. 4) On September 8, 2017, the parties met and conferred pursuant to Fed.R.Civ. P. 26(f) and exchanged initial disclosures. (*See* Doc. No. 7) On September 14, 2017, this Court granted the parties' Joint Stipulation and Conditional Certification (Doc. No. 4) and the

Joint Stipulation of Parties Agreed Notice and Consent (Doc. No. 10). Thereafter, Plaintiffs issued notice to approximately twenty-three (23) current and former Northland employees. Ultimately, three (3) opted in, bringing the collective total of Plaintiffs to five (5).[1]

After the closing of the Opt-in period, Plaintiffs' counsel conducted records analysis, damages calculation, and conferred with Plaintiffs as well as the opt-ins so that a formal settlement demand could be prepared and served. Thereafter, the parties engaged in mediation on March 2, 2018 through the Court's March Settlement Week. (*See* Doc. No. 19) The parties were ultimately able to come to a mutually beneficial resolution of Plaintiffs' claims. (*See* Doc. No. 20)

The Parties executed the Settlement Agreement, subject to approval by the Court pursuant to § 216(b). The Parties reached an agreement regarding the total settlement amount to be made available to Plaintiffs, inclusive of all Plaintiffs' attorneys' fees and costs. All parties have signed the Settlement Agreement. (*See* **Exhibit A**)

### III. LEGAL ANALYSIS

#### A. The Court Should Approve the Settlement

##### 1. The Standard for Approval of FLSA Settlements

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, Case No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982)). "The proper procedure for obtaining court approval . . . is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing

---

[1] A fourth putative class member Jeffrey Hutchins also returned the opt-in form. However, Mr. Hutchins did not work for Defendant at any time within the three-year lookback period so he does not have a claim under the FLSA, the Ohio Wage Act, or the OPPA and he is not included in the settlement.

the settlement for fairness." *Id.* If the settlement reflects a "reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (internal quotation marks omitted).

### 2. The Settlement Resolves a Bona Fide Dispute

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008).

Here, there is a bona fide dispute in this case. With regard to liability, the parties dispute whether Plaintiffs were entitled to additional wages. Plaintiffs alleged that Northland violated the law due to a variety of reasons, including, but not limited to: pre-shift off-the-clock job duties performed on behalf of Defendant, failure to pay for travel to the first worksite, failure to pay for travel between worksites, failure to pay for travel from the last worksite to the Northland office, improper meal deductions even though employees did not receive a bona fide meal period, and post-shift off-the-clock duties, such as service calls, among other duties, performed on behalf of Northland. (Doc. No. 1, PAGEID # 5-6) Northland denied Plaintiffs' allegations that it failed to properly pay them. (Doc. No. 5) Northland further represented that it properly paid them for all hours worked over forty (40) in a workweek. All of these issues represent substantive and material disputes between the parties that affect whether Plaintiffs would be entitled to the recovery sought. These differences represent a bona fide dispute as to the Plaintiffs' claims.

### 3. The Settlement is Fair and Reasonable

Courts also consider several additional factors in determining whether an FLSA settlement is fair and reasonable. *Schneider v. Goodyear Tire & Rubber Co.*, Case No. 5:13-cv-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014). These factors include: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel; (6) the reaction of absent class members; and (7) public interest in the settlement.[2] *Id.*; *see also Int'l Union, United Auto. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Each of the relevant factors weighs in favor of approving the parties' Agreement.

First, the proposed settlement is free of any indicia of fraud or collusion. The Agreement was reached in the adversarial context and was the result of arms-length negotiations between opposing counsel experienced in litigating wage-and-hour claims, which negotiation took many months. *See Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute."); *Pittman v. Things Remembered, Inc.*, 2014 WL 5073764, at *2 (N.D. Ohio Oct. 8, 2014) ("[T]he Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel.").

Second, this case concerns fairly complex issues that would require considerable time and expenses to litigate. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981) ("FLSA claims typically involve complex mixed questions of fact and law, and issues must be

---

[2] The factors relating to the opinions of counsel and the reactions of class members are not relevant where only an individual plaintiff's claims are considered. *See Schneider*, 2014 WL 2579637,*2 & n.1.

resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings."; *see also Am. Fed'n of Television & Radio Artists v. Storer Broad. Co.*, 745 F.2d 392, 398 (6th Cir. 1984) (recognizing that "FLSA claims typically involve complex mixed questions of fact and law").

As clearly addressed, litigation of this case would require a determination of whether Defendant could establish that they properly paid Plaintiffs and did not make any erroneous deductions to the Plaintiffs' time sheets, and whether Defendant properly captured all of Plaintiffs' compensable hours in any workweek during their employment. Continued litigation will require additional discovery, briefing, and potentially a trial on whether any alleged violations by Defendant were willful, or whether Defendant acted in good faith. Resolving the matter at this stage avoids these lengthy and costly endeavors for both the parties, as well as the Court. *See Swigart v. Fifth Third Bank*, Case No. 1:11-cv-88, 2014 WL 3447947, at *3 (S.D. Ohio July 11, 2014) ("This factor strongly favors approval because, absent settlement, continued litigation would require additional discovery and potion practice concerning highly disputed issues[.]").

Third, the parties have engaged in sufficient discovery to resolve this case. Plaintiffs completed an extensive review of Plaintiffs' available time and pay records produced by Defendant. Plaintiffs also had the benefit of information obtained through investigation and research. On damages, Defendant produced data regarding Plaintiffs' dates worked and amounts paid and produced hundreds, if not over a thousand work orders comprising of the work sites worked on by Plaintiffs. In addition, Defendant conducted his own investigation. Collectively, both sides have access to complete and fulsome information more than sufficient for the parties to value the case and weigh the risks of continued litigation.

<u>Fourth</u>, Plaintiffs' likelihood of success on the merits also supports approval, despite Defendant's contention otherwise. "The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *General Tire & Rubber Co. Sec. Litig.*, 726 F. 2d 1075, 1086 (6th Cir. 1984). The court considers "whether the settlement taken as a whole is fair, adequate, and reasonable." *Gentrup*, 2011 WL 2532922, at *3. "The ultimate question is whether the [plaintiff is] better served if the litigation is resolved by the settlement rather than pursued." *Id.*

Although both parties believe they would have prevailed on the merits, they also faced risks. As set forth above, both parties had learned information to support arguments relating to failure to properly pay Plaintiffs. With regard to damages, failure by Plaintiffs to prove that Defendant's conduct was willful or in reckless disregard of the law would limit damages to two years instead of three. *See* 29 U.S.C. 255(a). For its part, Defendant faced the risk that any damages awarded would be doubled under the FLSA's liquidated damages provision. *See* 29 U.S.C. §260.

<u>Fifth</u>, the opinions of class counsel and Plaintiffs favor settlement. The lawyers of Coffman Legal, LLC and Bryant Legal, LLC have litigated numerous individual and collective and class action cases of all types and have recovered positive amounts in these cases on behalf of workers. (*See* **Exh. C** Declaration of Matthew J.P. Coffman at ¶ 3, 7, 17, 18 ; *see also,* **Exh. D,** Declaration of Daniel I. Bryant at ¶ 3, 6 and 15). Based on this experience, they can confidently report to the Court that this prong is met. (*Id.*) After lengthy negotiations, an arm's-length settlement was reached during mediation that, in the view of Plaintiffs' counsel, affords Plaintiffs with significant and meaningful financial benefits. (*See* **Exh. C** at ¶ 9-23; **Exh. D** at ¶ 11-16.)

Throughout the settlement process, Plaintiffs' counsel regularly conferred with Plaintiffs. (*See* **Exh. C** at ¶ 9-17; and **Exh. D** at ¶ 8-13.) By engaging in mediation and executing the

Agreement, Plaintiffs have conveyed their satisfaction with the results obtained. (*See* **Ex. A**.) All in all, both Plaintiffs' counsel and Plaintiffs believe this to be a fair and reasonable outcome. (*See* **Exh. C** at ¶ 17, 23; and **Exh. D** at ¶ 15-16.)

Sixth, each of the Opt-In Plaintiffs signed their Notice of Consent and "agree to be bound by any adjudication or court rulings in the lawsuit." In this case, the Plaintiffs and Opt-In Plaintiffs are receiving approximately ninety-five percent (95%) of their alleged unpaid overtime damages. (*See* **Exh. A**); *see also* **Exh. C** at ¶ 17; and **Exh. D** at ¶ 15-16). This result would satisfy the sixth element.

Seventh, the public interest also supports the settlement of disputes involving unpaid wages. *See Lynn Foods Stores*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

### B. The Settlement Payments are Fair, Reasonable, and Adequate

As a part of the scrutiny applied to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)).

In the present case, the proposed individual settlement payments to Plaintiffs listed in the Settlement Agreement represent approximately ninety-five percent (95%) of their alleged unpaid overtime damages. (*See* **Exh. A**)

### C. The Requested Fees and Costs are Reasonable

The Court should also approve attorneys' fees and costs to Plaintiffs' counsel in the amount of $27,592.00. (*See* **Exh. A** at Section I) The requested fees and costs are reasonable in light of the contingency fee agreement between Plaintiffs and their counsel. The request is also reasonable in view of the size of the settlement, the skill and experience of counsel, the amount of time and resources in obtaining the result, and other relevant considerations. Defendant has agreed not to oppose Plaintiffs' Counsels' request for approval of fees, including hourly rates, and expenses incurred in this action. The services rendered to Plaintiffs reflect the extensive experience of Plaintiffs' Counsels have in collective and class actions, FLSA and employment law experience that is outlined in the declarations submitted by Plaintiffs' Counsels to the Court. (*See* **Exh. C** at ¶ 2-8 and 16-23; and **Exh. D** at ¶ 6-16.)

The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Court of Appeals held that the FLSA's mandatory attorney's fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers,*

*Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984)).

As part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.,* 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.,* 588 F.2d 246, 252 (8th Cir. 1978). The party seeking attorneys' fees has the burden to prove that its request for fees is reasonable. To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Consumers Produce, Inc. v. R. Family Market*, Case No. 4:08-cv-70, 2009 WL 2351642, *2 (N.D. Ohio July 28, 2009) (quoting *Hensley v. Eckerhart,* 461 U.S. 424 (1983)). The standard for reviewing a request for attorney's fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley,* 19 F.3d at 1134-43. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based on the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-

T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005) ("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[3]

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount

---

[3] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.,* 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.,* 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.*, 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[4]

---

[4] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Additionally, Plaintiff has submitted sufficient evidence in support of the amount requested for attorneys' fees and costs. *See Fulton v. TLC Lawn Care, Inc.*, 2012 WL 1788140, at *4 (D.Kan. May 17, 2012) (upholding Plaintiffs' fee request when they had submitted time sheets from the attorneys and paralegals, affidavits from lawyers in the community, and a table of expenses). The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in class action, FLSA and employment law experience that is outlined in the declarations submitted by Plaintiffs' Counsel to the Court. (*See* **Exh. C**, Declaration of Matthew J.P. Coffman; **Exh. D**, Declaration of Daniel I. Bryant). Accordingly, Plaintiffs' counsels' attorneys' fees and costs incurred total $42,798.00, but they will receive $27,592.00 pursuant to the negotiated Settlement Agreement upon approval. (*Id.*) The requested attorneys' fees and costs represent a reduction of $15,000 in Plaintiffs' counsels' lodestar fees and expenses. (*Id.*)

In the present case, the efforts of Plaintiffs' counsel resulted in proposed settlement payments to the Plaintiffs representing approximately ninety-five seventy-five percent (95%) of their alleged unpaid overtime damages. (*See* **Exh. A**; *see also* **Exh. C** at ¶ 17; and **Exh. D** at ¶ 15-16)) In light of the significant recovery for the Plaintiffs, the amount of Plaintiffs' attorneys' fees and expenses Defendant has agreed to pay is indeed fair and reasonable and should be approved. *See also, Zoll,* 88 F.2d at 252 ("the minimum award should generally be not less than the number of hours claimed times the attorney's regular hourly rate").

As previously set forth, Northland has agreed to pay $27,592 for Plaintiffs' attorneys' fees and expenses. The total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of March 2, 2018 is approximately $42,798.00. (*See* **Exh. C** and **D**) Accordingly, the total attorneys' fee requested represents a reduction of $15,091 of the actual lodestar fees generated in litigating Plaintiffs' claims. As of March 2, 2018, the firms representing Plaintiffs

have expended a total of approximately 138.7 hours pursuing this litigation. (*See* **Exh. C** at ¶ 18; **Exh. D** at ¶ 18-21.)

The attorney's fees of $27,592, after the reduction for expenses, equates to an effective hourly rate of approximately $194.66, which is in-line with other FLSA settlements. *See, Johnson, et al. v. Kestrel Engineering, Inc.,* 2016 U.S. Dist. LEXIS 137007, *7 (S.D. Ohio Sept. 22, 2016) (Judge Sargus found that an effective rate of $247.05 per hour reasonable.), *See also, Sakalas v. Wilkes-Barre Hospital Co.*, 2014 U.S. Dist. LEXIS 63823, *19 (M.D. Pa. May 8, 2014) (utilizing an "aggregate lodestar hourly billing rate of $500.56"); *Lenahan v. Sears, Roebuck & Co.,* 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (utilizing "mixed" hourly attorney rate of $353.63); *West v. Border Foods, Inc.,* 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (utilizing in four-worker FLSA case attorney rates ranging from $550-$275 and a non-attorney rate of $125). Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiffs' counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

As set forth above, Defendant has agreed after lengthy negotiations during mediation to pay a reasonable amount to Plaintiffs' counsel for their fees and costs as provided in the Settlement Agreement submitted to the Court. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provision.

A proposed entry is attached hereto as **Exhibit B** for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

## IV. CONCLUSION

For the reasons stated above, the Parties respectfully request the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss this action with prejudice by entering the proposed order attached as **Exhibit B.**

Respectfully submitted:

**COFFMAN LEGAL, LLC**

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 949-1181
Fax: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com


**BRYANT LEGAL, LLC**

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 704-0546
Fax: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2018, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)