# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and among (1) Northland Heating & Air Conditioning Co., Inc., an Ohio corporation ("Northland"), and Thomas Watson, an individual ("Watson"), and DaShawn Goodwin, an individual ("Goodwin"), on behalf themselves and the Opt-In Plaintiffs, including Tyler Miller, an individual ("Miller"), Sean Quiero, an individual ("Quiero"), and Jeff Hutchins, an individual ("Hutchins"), as set forth in more detail below in the definition of "Claimants" (collectively hereinafter the "Parties" unless otherwise indicated). This Agreement shall become effective upon the Court entering its approval of the Settlement Agreement ("Effective Date").

The following terms used in this Agreement are defined as follows:

**"Northland"**     Northland Heating & Air Conditioning Co., Inc., an Ohio corporation and its subsidiaries, parent corporations, divisions, affiliates, partners and predecessors, successors and assigns, and all past, present, and future officers, directors, shareholders, attorneys, agents and employees and their respective successors and assigns (hereinafter collectively referred to as "Northland").

**"Claimants"**     Watson, Goodwin, Miller, Quiero, and Hutchins, on behalf of themselves (hereinafter collectively referred to as "Claimants").

**"Claims"**     Any and all claims that Claimants asserted, or could have asserted, against Northland, in United States District Court, Southern District of Ohio Case No. 2:17-cv-00447, captioned *Watson, et al. v. Northland Heating & Air Conditioning Co., Inc. d/b/a Northland Heating & Cooling, Inc.* arising out of the alleged omissions, or alleged actions, that are the subject of the "Case."

**"Case"**     Case No. 2:17-cv-00447, captioned *Watson, et al. v. Northland Heating & Air Conditioning Co., Inc. d/b/a Northland Heating & Cooling, Inc.* in the United States District Court, Southern District of Ohio.

**WHEREAS,** the Claimants have asserted Claims against Northland arising out of the alleged actions or alleged omissions that were being litigated in the Case.

**WHEREAS**, it is the intent of Northland and Claimants by signing this Agreement to settle all claims arising out of the Case, and all other claims Claimants may have against Northland arising out of events and actions that have occurred before the execution of this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing, payment as set forth below, the release of claims set forth below, the mutual promises as set forth below, and other valid and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, Northland and the Claimants agree as follows:

Settlement Agreement and Release
Page 2 of 6

**I.    NORTHLAND'S PAYMENT TO THE CLAIMANTS**

Northland shall pay to the Claimants, via U.S. certified mail or federal express mail to Bryant Legal, LLC at 1457 S. High St., Columbus, Ohio 43207, a total of Fifty-Two Thousand Dollars ($52,000.00) payable in four installments (collectively hereinafter "Installment Payments") as follows:

- Twenty-Six Thousand Dollars ($26,000) on or before the 14th day after the Effective Date of this Agreement (the "First Installment");

- Eight Thousand, Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($8,666.67) on or before the 30th day after payment of the First Installment (the "Second Installment");

- Eight Thousand, Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($8,666.67) on or before the 30th day after payment of the Second Installment (the "Third Installment"); and

- Eight Thousand, Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($8,666.66) on or before the 30th day after the Third Installment (the "Final Installment");

The Installment Payments in this Section I shall be issued in checks made payable specifically as follows:

| **Installment Payments** | **Attorneys' Fees and Costs** | **Class Members** |
|---|---|---|
| **First Installment:** $26,000 (50% of total) | $13,696 in Attorneys' Fees Payment to Bryant Legal, LLC | <u>$12,204 in Non-Wage Payments as follows:</u><br><br>Watson<br>&bull; $6,065.39<br>Goodwin<br>&bull; $878.69<br>Miller<br>&bull; $1,464.48<br>Quiero<br>&bull; $3,795.44<br>Hutchins<br>&bull; $100.00 |

Settlement Agreement and Release
Page 3 of 6

| | | |
|---|---|---|
| **Second Installment:** $8,666.67 (16.66% of total) | $4,598.53 in Attorneys' Fees Payment to Bryant Legal, LLC | <u>$4,068.14 in Wage Payments as follows:</u><br><br>Watson<br>• $2,021.87<br>Goodwin<br>• $292.91<br>Miller<br>• $488.18<br>Quiero<br>• $1,265.18 |
| **Third Installment:** $8,666.67 (16.66% of total) | $4,598.53 in Attorneys' Fees Payment to Bryant Legal, LLC | <u>$4,068.14 in Wage Payments as follows:</u><br><br>Watson<br>• $2,021.87<br>Goodwin<br>• $292.91<br>Miller<br>• $488.18<br>Quiero<br>• $1,265.18 |
| **Final Installment:** $8,666.66 (16% of total) | $4,599.00 in Attorneys' Fees Payment to Bryant Legal, LLC | <u>$4,067.66 in Wage Payments as follows:</u><br><br>Watson<br>• $2,021.63<br>Goodwin<br>• $292.87<br>Miller<br>• $488.12<br>Quiero<br>• $1,265.04 |
| **Totals:** | **$27, 492.00** | **$24,508.00** |

    a.   Northland shall withhold all applicable federal, state, and local taxes with respect to the Wage Payments to Claimants. Northland agrees to pay the employer portion of any withholdings with respect to the Wage Payments. Northland shall report all such withholdings with respect to the Wage Payments on an IRS Form W-2 issued to each Claimant.

Settlement Agreement and Release
Page 4 of 6

      b.  Northland shall issue an IRS Form 1099 to each Claimant for the Non-Wage Payments. The Claimants agree that they are liable for all federal, state, and local taxes owed on the Non-Wage Payments.

      c.  Northland shall issue an IRS Form 1099 to Bryant Legal, LLC for the Attorneys' Fees Payments.

## II.   DISMISSAL OF CASE

This Case shall be dismissed upon the Court entering its approval of this Agreement.

## III.   RELEASE BY CLAIMANTS

Claimants, each on behalf of themselves and their respective successors and assigns, completely and forever release and discharge Northland from any and all claims, demands, debts, liabilities, damages, costs and expenses, whether in law or equity, whether known or unknown, of any nature whatsoever, including but not limited to those matters arising from or related to any aspect whatsoever of the Case, from the beginning of time, to and including the Effective Date of this Agreement.

## IV.   NORTHLAND'S EXPRESS DENIAL OF LIABILITY

Northland expressly denies any and all liability, and this Agreement is not an admission of liability on the part Northland.

## V.   CONTROLLING LAW

This Agreement is made in the State of Ohio and Northland and Claimants agree that the laws of the State of Ohio shall govern and be applied in the interpretation and enforcement of this Agreement.

## VI.   MISCELLANEOUS PROVISIONS

      A.    **Severability.** In the event that any provision(s), clause(s), section(s), or paragraph(s) of the Agreement is deemed invalid, void, or otherwise unenforceable for any reason by a court of competent jurisdiction or arbitrator, that portion of the Agreement shall be deemed severable from the remainder of the Agreement. The remaining provisions, clauses, sections, and paragraphs of the Agreement shall continue in full force and effect without being impaired or invalidated. If a provision(s) clause(s), section(s), or paragraph(s) of the Agreement is deemed invalid, void, or otherwise unenforceable by a court of competent jurisdiction or arbitrator due to its scope or breadth, that portion of the Agreement shall be deemed valid to the extent of the scope and breadth permitted.

Settlement Agreement and Release
Page 5 of 6

B.     **Binding Effect.**  Northland and Claimants agree that the terms of this Agreement shall be binding upon each of them, and their respective heirs, devisees, legatees, personal representatives, assigns, transferees, and successors in interest.

C.     **Entire Agreement.**  This Agreement expresses the entire understanding and agreement between Northland and Claimants.  All prior conversations, communications, representations, correspondence, and other writings are merged into this Agreement, which alone sets forth the understanding and agreement of Northland and Claimants.

D.     **Interpretation.**  No provision in this Agreement is to be interpreted for or against Northland or Claimants because the Northland, Claimants, or its/their legal counsel drafted the provision.

E.     **Counterparts.**  This Agreement may be executed in any number of counterparts, all of which shall constitute one and the same instrument, and Northland and each of the Claimants may execute this Agreement by signing one or more counterparts.

F.     **Authority to Execute.**  Each person executing this Agreement specifically warrants and represents that he/she/it has full power and authority to execute this Agreement, and that he/she/it understands the terms of this Agreement.  The person executing this Agreement on behalf of Northland warrants that he/she has the requisite corporate authority to sign the Agreement and bind his/her corporation to this Agreement.

**[this space intentionally left blank, signatures to follow]**

Settlement Agreement and Release
Page 6 of 6

   **IN WITNESS WHEREOF,** Northland and Claimants have caused this Agreement to be duly executed as of the day and year first above written.

**NORTHLAND:**                          **CLAIMANTS:**

**NORTHLAND HEATING AND AIR**           **THOMAS WATSON**
**CONDITIONING CO., INC.**

By: _____           _____
Name: William Tinsky                    An Individual, and on behalf of Claimants
Its: President

                                        **DaSHAWN GOODWIN**


                                        _____
                                        An Individual, and on behalf of Claimants

Settlement Agreement and Release
Page 6 of 6

      **IN WITNESS WHEREOF**, Northland and Claimants have caused this Agreement to be duly executed as of the day and year first above written.

**NORTHLAND:**                                **CLAIMANTS:**

**NORTHLAND HEATING AND AIR**       **THOMAS WATSON**
**CONDITIONING CO., INC.**

By: _____
Name: William Tinsky                     _____
Its: President                        An Individual, and on behalf of Claimants

                                         **DaSHAWN GOODWIN**

                                         An Individual, and on behalf of Claimants

Settlement Agreement and Release
Page 6 of 6

**IN WITNESS WHEREOF**, Northland and Claimants have caused this Agreement to be duly executed as of the day and year first above written.

**NORTHLAND:**                                    **CLAIMANTS:**

**NORTHLAND HEATING AND AIR**          **THOMAS WATSON**
**CONDITIONING CO., INC.**

By: _William Tinsky_ _____          _____
Name: William Tinsky                                An Individual, and on behalf of Claimants
Its: President

                                                    **DaSHAWN GOODWIN**


                                                    _____
                                                    An Individual, and on behalf of Claimants